# EXHIBIT A

Electronically Filed
8/19/2019 9:54 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
GABRIEL A. MARTINEZ, ESQ.
Nevada Bar No. 326
DILLON G. COIL, ESQ.
Nevada Bar No. 11541
JENNIFER A. PETERSON, ESQ.
Nevada Bar No. 11242
GREENMAN GOLDBERG RABY & MARTINEZ
601 South Ninth Street
Las Vegas, NV 89101
Phone: 702. 384.1616 ~ Fax: 702.384.2990
Email: gmartinez@ggrmlawfirm.com
dcoil@ggrmlawfirm.com
jpeterson@ggrmlawfirm.com
*Attorneys for Plaintiff*

CASE NO: A-19-800443-C
Department 24

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RAUL HERRERA, | CASE NO.: |
| Plaintiff, | DEPT. NO.: |
| vs. | |
| ARAMARK SERVICES, INC. a foreign corporation; DOES I through V; and ROE BUSINESS ENTITIES I through V, inclusive, | |
| Defendants. | |

## COMPLAINT

COMES NOW, Plaintiff, RAUL HERRERA, by and through his attorneys of record, Gabriel A. Martinez, Esq. Dillon G. Coil, Esq. and Jennifer A. Peterson, Esq. of the law firm GREENMAN GOLDBERG RABY & MARTINEZ, and as for his Complaint against Defendants above-named, and each of them, and for his cause of action alleges as follows:

### I.

### JURISDICTIONAL ALLEGATIONS

1. That at all times relevant to this action, Plaintiff, RAUL HERRERA (hereinafter "Plaintiff"), was and is a resident of State of Nevada, County of Clark.

1

2. That upon information and belief, and at all times relevant to this action, Defendant Aramark Services, Inc. (hereinafter "Defendant" and/or "Aramark") was and is a foreign corporation authorized to do business in the State of Nevada, City of Las Vegas, County of Clark. Aramark is a food service company who was delivering trays of food for the inmates at Clark County Detention Center.

3. That Defendants, DOES I through V and ROE BUSINESS ENTITIES I through V, are sued herein by their fictitious names for the reason that their respective true names are unknown to Plaintiff at this time. When their true names are ascertained, Plaintiff will ask leave of this court to insert their true names herein, in the place and stead of their fictitious names. That at all times mentioned herein, each of the Defendants was the agent, employee, servant or corporate employer of the other and acting within the scope and purpose of said agency, employment, service or corporate activity. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE or ROE BUSINESS ENTITY is negligently or otherwise responsible in some manner for the acts, events, circumstances, and happenings complained of herein, and actually and proximately thereby caused Plaintiff to suffer the expenses and damages herein below alleged. Further, Plaintiff alleges that each of the Defendants, and each of them, were an owner, operator, lessor, lessee, or some other entity interested in the operation and control of Defendants' food delivery, unloading and/or loading of trailers and/or vehicles at all relevant times to this action.

## II.

## FIRST CAUSE OF ACTION

### (Negligence)

4. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as though the same were fully set forth at length herein.

5. That on or about September 22, 2017, in State of Nevada, County of Clark, Plaintiff was on duty with the Clark County Detention Center, standing on a ramp extended from the dock of the Clark County Detention Center to an ARAMARK truck, unloading food carts full of trays.

6. As Plaintiff was unloading the food trays from the truck, the driver of the Aramark truck suddenly moved the truck without notice, pulling the ramp away from the dock.

7. As the ramp was pulled out from under Plaintiff, Plaintiff who was holding onto one of the food carts loaded inside the back of the truck, pulled the food cart with him as he fell, causing the food trays to fall on top of him and causing injuring to both shoulders.

8. An ARAMARK employee was operating the Aramark truck at the time it drove away from the dock.

9. That said ARAMARK employee, in such a negligent, reckless and careless manner, failed to use due care while operating the truck.

10. That the aforesaid incident was solely caused by the negligent, careless and gross, wanton and reckless conduct of Defendant's employee, and in no way was due to any negligent act or failure to act on the part of Plaintiff.

11. That the negligent, careless conduct and gross, wanton and reckless conduct of Defendant's employee included, but is not limited to operating Defendant's truck without due regard for the rights, safety and position of the Plaintiff and failing to secure his load before moving his vehicle.

12. That as a direct and proximate result of the above-stated acts and omissions of Defendants, and each of them, Plaintiff sustained severe bodily injury.

13. That said injuries are permanent and lasting in nature and that Plaintiff suffered great pain, suffering and anxiety, and will continue to do so in the future.

14. That as a direct and proximate result of the above-stated acts and omissions of Defendants, and each of them, Plaintiff was prevented from attending and participating in his usual activities.

15. That as a direct and proximate result of the above-stated acts and omissions of Defendants, and each of them, Plaintiff was required to seek and undergo medical treatment, including, but not limited to, treatment by physicians, physical therapy and the taking of prescribed medications.

16. That as a direct and proximate result of the above-stated acts and omissions of

Defendants, and each of them, Plaintiff has incurred, reasonable and necessary medical expenses related to injuries he sustained in the subject motor vehicle accident.

17. That as a direct and proximate result of the above-stated acts and omissions of Defendants, and each of them, Plaintiff will reasonably require future medical treatment and care.

18. That as a direct and proximate result of the negligence of Defendants, and each of them, as aforesaid, Plaintiff was entitled to receive workman's compensation benefits pursuant to Chapter 616 of the Nevada Revised Statutes. That, as Clark County Detention Center was obligated to provide these benefits, Clark County accepted Plaintiff's claim and subsequently paid benefits for medical and indemnity expenses for which a subrogation lien is claimed against any future settlements or judgments received by Plaintiff in an amount in excess of $15,000.

19. That Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and that he is entitled to recover reasonable attorney's fees plus costs of suit.

## III.

## SECOND CAUSE OF ACTION

**(Negligent Entrustment as to Defendants ARAMARK and/or ROE BUSINESS ENTITIES)**

20. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as though the same were fully set forth at length herein.

21. That ARAMARK and/or ROE BUSINESS ENTITIES entrusted Defendant's semi-truck to its employee.

22. That ARAMARK and/or ROE BUSINESS ENTITIES either knew, or should have known, that such entrustment to Defendant's employee was negligent.

23. That as a direct and proximate result of the negligent entrustment of Defendant's semi-truck by ARAMARK and/or ROE BUSINESS ENTITIES to its employee, Plaintiff sustained damages for which ARAMARK and/or ROE BUSINESS ENTITIES are now liable.

4

24. That Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and she is entitled to recover reasonable attorney's fees plus costs of suit.

### IV.

### THIRD CAUSE OF ACTION

**(Respondeat Superior as to ARAMARK and/or ROE BUSINESS ENTITIES)**

25. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as though the same were fully set forth at length herein.

26. That upon information and belief and at all times mentioned herein, Defendant's semi-truck being driven by its employee, was owned, operated and/or leased by ARAMARK and/or ROE BUSINESS ENTITIES.

27. That ARAMARK and/or ROE BUSINESS ENTITIES are vicariously liable and/or jointly and severally liable for the negligence of its employee, under the doctrine of respondent superior, which directly and proximately resulted in Plaintiff's aforesaid damages.

28. That Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and that she is entitled to recover reasonable attorney's fees plus costs of suit.

### V.

### FOURTH CAUSE OF ACTION

**(Negligent Training, Hiring and Supervision as to ARAMARK and/or ROE BUSINESS ENTITIES)**

29. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as though the same were fully set forth at length herein.

30. That, upon information and belief, ARAMARK and/or ROE BUSINESS ENTITIES were negligent in the hiring, training, retention and supervision of their respective agents, servants, and/or employees, specifically, the ARAMARK employee, so as to directly and proximately cause Plaintiff's damages and are thus liable for said damages.

31. That Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and that she is entitled to recover reasonable attorney's fees and costs of

suit.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff expressly reserving the right to amend this Complaint at the time of trial of the action to include all items of damage not yet ascertained and for any causes of action which discovery may so provide, demands judgment against Defendants, and each of them, as follows:

1. For a sum in excess of $15,000 as and for past and future medical expenses and wage loss;
2. For a sum in excess of $15,000 as and for general damages for pain, suffering, mental distress, anguish and fear;
3. For a sum equal to the workman's compensation lien claimed by Clark County;
4. For reasonable attorney's fees plus costs of suit;
5. For such other and further relief as the Court may deem just and proper in the premises.

Dated this 16th day of August, 2019.

GREENMAN GOLDBERG RABY & MARTINEZ

GABRIEL A. MARTINEZ, ESQ.
Nevada Bar No. 326
**DILLON G. COIL, ESQ.**
Nevada Bar No. 11541
**JENNIFER A. PETERSON, ESQ.**
Nevada Bar No. 11242
601 South Ninth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*