STEVEN B. ABBOTT, ESQ.
Nevada Bar No. 010303
STEVEN FOREMASTER, ESQ.
Nevada Bar No. 10350
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Darrell.Dennis@lewisbrisbois.com
Steven.Abbott@lewisbrisbois.com
Steven.Foremaster@lewisbrisbois.com
TEL: 702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant Aramark Correctional Services, LLC (incorrectly named in complaint as Aramark Services, Inc.)*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAUL HERRERA,<br><br>    Plaintiff,<br><br>vs.<br><br>ARAMARK SERVICES, INC., a foreign corporation; DOES I through V; and ROE BUSINESS ENTITIES I through V; inclusive,<br><br>    Defendants. | CASE NO. 2:19-cv-01594-GMN-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |

Pursuant to LR 26-3 and the scheduling order (**Doc. 8**) in this matter, Plaintiff RAUL HERRERA, by and through his attorneys of record, the law firm GREENMAN GOLDBERG RABY & MARTINEZ, and Defendant ARAMARK CORRECTIONAL SERVICES, LLC, incorrectly named in the complaint as ARAMARK SERVICES, INC., (collectively "the Parties") by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP (collectively "the Parties") hereby respectfully submit their Stipulation and Order to Extend Time for Discovery (Second Request) pursuant Rules 6(b) and 26(f) of the Federal Rules of Civil Procedure and LR IA 6-1 and LR 26-3.

This is the Parties' Second Request for an Extension of Time, and the same is not brought for purposes of delay, but rather for the sole purpose of allowing the parties to diligently and



4833-0966-0609.1

adequately prepare their respective cases during ongoing settlement discussions or trial.

This stipulation is brought in compliance with LR 26-3 as it is filed 20 days before the expiration of Plaintiff's Initial Expert Disclosure deadline. Due to certain complexities in this case, and in particular, the ongoing COVID-19 pandemic and resulting governmental and Court precautionary restrictions, the parties jointly request a 90-day extension of the deadline for plaintiff's initial expert disclosure, defendant's initial expert disclosures, rebuttal expert disclosures, and deadline to file motion(s) to add parties or amend pleadings as detailed herein.

**REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER**

The extension is sought for the following reasons:

The parties acknowledge that they must be diligent in continuing discovery when they are better able to and have moved discovery forward, however, the COVID-19 slowed down the normal time it takes to respond to written discovery as people were working from home and related issues that negatively impacted the situation. Nevertheless, good cause exists to extend the discovery deadlines as the Parties would like to engage in meaningful discovery. Due to the ongoing COVID-19 pandemic, there are certain limitations regarding deponents and their availability for deposition. Also, certain discovery activities are impeded by the social distancing, travel restrictions and other requirements currently being implemented by federal, state and local governments. (*see* U.S. Dist. Ct. NV Temporary General Orders 2020-03, 2020-04 and 2020-05),

Nevada Governor Sisolak declared a state of emergency due to COVID-19. The Nevada State Courts have subsequently issued numerous Administrative Orders indicating that the COVID-19 emergency "as constituting 'good cause' and 'excusable neglect' warranting the extension of time on non-essential civil case types." (*See* Eighth Judicial District Court Administrative Order 20-09 and Administrative Order 20-13).  The Nevada Supreme Court has also recommended suspending all jury trials and suggested that the current COVID-19 emergency constitutes both "good cause" and also "excusable neglect" warranting extensions in non-essential

civil cases, such as the present case. (*See* Nev. Sup. Ct. AO-0013, at p.2 ¶2 and p.6 ¶8). Thus, moving the discovery deadlines back as requested herein is a reasonable request as COVID-19 has slowed down and/or impacted almost every aspect of life and it has delayed completion of discovery on the current schedule.

Furthermore, essential information must be obtained that will greatly impact this case, for instance, Plaintiff's counsel is still continuing on working to obtain surveillance video of the subject incident from an entity that is not a party to this litigation. This video is vital to this case as it will clarify the events leading up to and after the subject incident that will directly affect ongoing settlement discussions. In addition, discovery, deposition, motion practice, and trial preparation as well as the ongoing settlement discussions hinge on the events captured by the surveillance video and the parties would like that information before conducting depositions.

To date, the parties have exchanged documents disclosures and supplemented mandatory disclosures as needed. Defendant has also propounded discovery, and Plaintiff has responded to written discovery. Defendant granted Plaintiff multiple extensions to respond to written discovery. Plaintiff has also propounded written discovery to Defendant and Plaintiff granted multiple extensions to Defendant to respond to written discovery. The aforementioned COVID-19 pandemic slowed down the entire process in responding to discovery. Defendant timely responded to Plaintiff's written discovery but the COVID-19 pandemic caused delays in responding to Plaintiff's written discovery. Currently, depositions have not been scheduled due to the recent COVID-19 preventative restrictions. Production and receipt of the aforementioned surveillance video is also in progress.

. . .

. . .

. . .

. . .

**IT IS HEREBY STIPULATED AND AGREED** to by the Parties that the discovery deadlines in this matter be continued for a period of 90 days to allow the parties additional time to complete discovery, retain and disclose experts and allow parties additional time to continue ongoing settlement discussions. This additional time will also account for the current COVID-19 preventative restrictions and any potential future preventative actions taken by federal, state and local governments should they be implemented.

## STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.

1. The parties participated in the Fed.R.Civ.P 26(f) conference;
2. Parties have made their disclosures and supplements pursuant to Fed.R. Civ. P. 26.1(a)(1);
3. Defendant propounded written discovery to Plaintiff.
4. Plaintiff responded to Defendant's written discovery.
5. Plaintiff propounded written discovery to Defendant.
6. Defendant responded to Defendant's written discovery.
7. Plaintiff has issued written discovery requesting production of materials from entities that are not a party to this case

## SPECIFIC DESCRIPTON OF DISCOVERY THAT REMAINS TO BE DONE

1. Discovery response and productions from entities that are not a party to this lawsuit;
2. Plaintiff's deposition is still pending;
3. Designation of expert witnesses;
4. Designation of rebuttal expert witnesses;
5. An Independent Medical Examination of Plaintiff;
6. Fact and witness depositions will be taken including the following:
    A. Plaintiff;
    B. Plaintiff's treating physicians;
    C. Defendant's FRCP 30(b)(6) witnesses;

D. Fact witnesses; and

E. Expert witnesses

7. Additional follow up written discovery.

The Parties are diligently moving forward with discovery. The Parties hereby request an extension of discovery deadlines and now respectfully request this Honorable Court grant this joint request to move the deadline for discovery back. The Parties propose additional Interim Status Reports be set to keep the Court apprised of discovery progress as detailed herein.

The current deadline for Plaintiff's Initial Disclosure of Experts is Monday, August 10, 2020. Accordingly, this request is being brought 20 days prior to that date. Here, good cause exists because the parties have been diligent in conducting discovery. However, additional time is needed to complete the investigation in this matter and other related discovery and to account for the current COVID-19 environment and ongoing protective measures.

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines be continued 90 days from their present deadlines as follows along with the addition of multiple additional joint interim status reports to keep the Court apprised of discovery progress:

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

|  | **Current Date** | **Proposed Date** |
|---|---|---|
| ▪ 1st Joint Interim Status Reports | 03/20/2020 | Completed |
| ▪ ~~2nd Joint Interim Status Report~~ | ~~09/17/2020~~ | ~~12/15/2020~~ |
| ▪ ~~3rd Joint Interim Status Report~~ | ~~11/02/2020~~ | ~~02/01/2021~~ |
| ▪ Amend Pleadings/Add Parties | 08/10/2020 | 11/09/2020 |
| ▪ Plaintiff's Initial Expert Disclosure | 08/10/2020 | 11/09/2020 |
| ▪ Defendant's Initial Expert Disclosure | 09/10/2020 | 12/08/2020 |
| ▪ Rebuttal Expert Disclosure | 10/12/2020 | 01/11/2021 |
| ▪ Discovery Cut-off | 12/09/2020 | 03/08/2021 |
| ▪ Dispositive Motions | 01/07/2021 | 04/07/2021 |

4833-0966-0609.1

5

| | | |
|---|---|---|
| ▪ Joint Pretrial Order | 04/08/2021 | 07/07/2021 |

**Extensions or Modifications of the Discovery Plan and Scheduling Order**:

Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

## CONCLUSION

Based on the foregoing the Parties respectfully request that this Honorable Court approve this Second Stipulation to Extend the Time for Discovery.

RESPECTFULLY SUBMITTED

DATED this 25th day of June, 2020.                    DATED this 25th day of June, 2020.

**GREENMAN, GOLDBERG, RABY & MARTINEZ**           **LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ William T. Martin                                                /s/ Steven Abbott
_____                     _____
**GABRIEL A. MARTINEZ, ESQ.**                        **STEVEN ABBOTT, ESQ.**
Nevada Bar No. 326                                            Nevada Bar #10303
**DILLON G. COIL, ESQ.**                             **STEVEN FOREMASTER, ESQ.**
Nevada Bar No. 11541                                         Nevada Bar #10350
**WILLIAM T. MARTIN, ESQ.**                          6385 S. Rainbow Blvd., Suite 600
Nevada Bar No. 2534                                           Las Vegas, NV 89118
2700 s. Maryland Pkwy, Ste. 100                      *Attorney for Defendant*
Las Vegas, NV  89109
*Attorneys for Plaintiff*

. . .

. . .

. . .

Case No.: 2:19-cv-01594-GMN-DJA
Stipulation and Order to Extend
Discovery Deadlines (Second Request)

## ORDER

Based upon the Stipulation of the Parties hereto, and with good cause appearing therefore, IT IS HEREBY ORDERED, that the Stipulation to Extend herein above is hereby Granted.

DATED: this __26th__ day of June, 2020

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully Submitted By:

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Steven Abbott*
_____
STEVEN B. ABBOTT, ESQ.
Nevada Bar No. 010303
STEVEN FOREMASTER, ESQ.
Nevada Bar No. 10350
6385 South Rainbow Boulevard, Suite 600
Las Vegas, Nevada  89118

*Attorneys for Defendant Aramark Correctional Services, LLC (incorrectly named in complaint as Aramark Services, Inc.)*

**NOTE - The Local Rules as amended on 4/17/2020 eliminated former Local Rule 26-3's requirement for Interim Status Reports. Therefore, the parties are not required to submit an Interim Status Report.  The parties are directed to review the revised local rules for further changes.**

4833-0966-0609.1

7

**Rainey, Sherry**

| | |
|---|---|
| **From:** | Abbott, Steven |
| **Sent:** | Wednesday, June 24, 2020 6:02 PM |
| **To:** | 'William Martin'; Foremaster, Steven |
| **Cc:** | Rainey, Sherry |
| **Subject:** | RE: Herrera File |

Thanks Will

Best

Steven

**From:** William Martin [mailto:wmartin@ggrmlawfirm.com]
**Sent:** Wednesday, June 24, 2020 5:23 PM
**To:** Foremaster, Steven
**Cc:** Rainey, Sherry; Abbott, Steven
**Subject:** [EXT] RE: Herrera File


Yes you have my consent to attach my signature to the SAO.



**Will Martin**
Associate Attorney
O: 702.384.1616 | F: 702.384.2990 | www.ggrmlawfirm.com
2770 S. Maryland Pkwy Ste. 100 Las Vegas, NV 89109



**From:** Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com>
**Sent:** Wednesday, June 24, 2020 4:33 PM
**To:** William Martin <wmartin@ggrmlawfirm.com>
**Cc:** Rainey, Sherry <Sherry.Rainey@lewisbrisbois.com>; Abbott, Steven <Steven.Abbott@lewisbrisbois.com>; Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com>
**Subject:** FW: Herrera File

Will,

The revised SAO is now attached. Please review and let us know asap if we can us your e-signature on same.

Foremaster

**From:** Foremaster, Steven
**Sent:** Wednesday, June 24, 2020 4:27 PM
**To:** 'William Martin'
**Cc:** Rainey, Sherry; Abbott, Steven; Foremaster, Steven
**Subject:** RE: Herrera File

Will,

Here is the prior email with the revised SAO. Please let us know we can use your e-signature on same so we can get this filed today. Thanks.

Foremaster

---

**From:** Foremaster, Steven
**Sent:** Wednesday, June 24, 2020 3:15 PM
**To:** 'William Martin'
**Cc:** Rainey, Sherry; Abbott, Steven; Foremaster, Steven
**Subject:** RE: Herrera File

Will,

Attached is the revised edition reflecting consistent reference to LR 26-3 and LR IC 6.1 for your review and approval.

Foremaster

---

**From:** William Martin [mailto:wmartin@ggrmlawfirm.com]
**Sent:** Wednesday, June 24, 2020 2:52 PM
**To:** Abbott, Steven; Foremaster, Steven
**Cc:** Rainey, Sherry
**Subject:** [EXT] RE: Herrera File


26.4 – my typing isn't keeping up with my thoughts. Call me if you are confused. Sorry



**Will Martin**
Associate Attorney
O: 702.384.1616 | F: 702.384.2990   |   www.ggrmlawfirm.com
2770 S. Maryland Pkwy Ste. 100 Las Vegas, NV 89109

    

**From:** William Martin
**Sent:** Wednesday, June 24, 2020 2:51 PM
**To:** 'Abbott, Steven' <Steven.Abbott@lewisbrisbois.com>; 'Foremaster, Steven' <Steven.Foremaster@lewisbrisbois.com>
**Cc:** 'Rainey, Sherry' <Sherry.Rainey@lewisbrisbois.com>
**Subject:** RE: Herrera File

I meant it says 26.6 erroneously in some places. 26.4 is about responding to written discovery.

2



**Will Martin**
Associate Attorney
O: 702.384.1616 | F: 702.384.2990 | www.ggrmlawfirm.com
2770 S. Maryland Pkwy Ste. 100 Las Vegas, NV 89109



---

**From:** William Martin
**Sent:** Wednesday, June 24, 2020 2:50 PM
**To:** Abbott, Steven <Steven.Abbott@lewisbrisbois.com>; Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com>
**Cc:** Rainey, Sherry <Sherry.Rainey@lewisbrisbois.com>
**Subject:** RE: Herrera File

I just remembered the local rule for extension is 26-3 – some places in the SAO it was listed as 16.4



**Will Martin**
Associate Attorney
O: 702.384.1616 | F: 702.384.2990 | www.ggrmlawfirm.com
2770 S. Maryland Pkwy Ste. 100 Las Vegas, NV 89109



---

**From:** Abbott, Steven <Steven.Abbott@lewisbrisbois.com>
**Sent:** Wednesday, June 24, 2020 2:42 PM
**To:** William Martin <wmartin@ggrmlawfirm.com>; Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com>
**Cc:** Rainey, Sherry <Sherry.Rainey@lewisbrisbois.com>
**Subject:** RE: Herrera File

Thank you Will

Best

Steven

---

**From:** William Martin [mailto:wmartin@ggrmlawfirm.com]
**Sent:** Wednesday, June 24, 2020 2:37 PM
**To:** Abbott, Steven; Foremaster, Steven
**Subject:** [EXT] RE: Herrera File

External Email

You have my approval to include my electronic signature on this SAO extending discovery. Thanks.

3



**Will Martin**
Associate Attorney
O: 702.384.1616 | F: 702.384.2990 | www.ggrmlawfirm.com
2770 S. Maryland Pkwy Ste. 100 Las Vegas, NV 89109

   

---

**From:** Abbott, Steven <Steven.Abbott@lewisbrisbois.com>
**Sent:** Wednesday, June 24, 2020 2:08 PM
**To:** Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com>; William Martin <wmartin@ggrmlawfirm.com>
**Subject:** RE: Herrera File
**Importance:** High

Good afternoon Will:

Please find attached the proposed SAO to extend discovery in the above-referenced matter as we discussed yesterday. Please contact me with any questions or changes, - if none please provide consent to add your electronic signature.

Best

Steven



**Steven Abbott**
**Partner**
Steven.Abbott@lewisbrisbois.com

**T: 702.693.4370  F: 702.893.3789**

6385 South Rainbow Blvd., Suite 600, Las Vegas, NV 89118  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Foremaster, Steven
**Sent:** Tuesday, June 23, 2020 5:36 PM
**To:** 'wmartin@ggrmlawfirm.com'
**Cc:** Abbott, Steven; Foremaster, Steven
**Subject:** Herrera File

Will,

Would you be willing to email me the Word version of the First Request to Extend Discovery Deadlines your office filed back in April?

Sincerely,



**Steven L. Foremaster**
Attorney
Steven.Foremaster@lewisbrisbois.com

T: 702.693.4304  F: 702.893.3789

6385 South Rainbow Blvd., Suite 600, Las Vegas, NV 89118  |  LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

* * * This e-mail and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this e-mail and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.

* * * This e-mail and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this e-mail and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.

* * * This e-mail and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this e-mail and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.