STEVEN B. ABBOTT, ESQ.
Nevada Bar No. 010303
STEVEN FOREMASTER, ESQ.
Nevada Bar No. 10350
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Steven.Abbott@lewisbrisbois.com
Steven.Foremaster@lewisbrisbois.com
TEL: 702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant Aramark Correctional Services, LLC (incorrectly named in complaint as Aramark Services, Inc.)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAUL HERRERA,<br><br>    Plaintiff,<br><br>vs.<br><br>ARAMARK SERVICES, INC., a foreign corporation; DOES I through V; and ROE BUSINESS ENTITIES I through V; inclusive,<br><br>    Defendants. | CASE NO. 2:19-cv-01594-GMN-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (THIRD REQUEST)** |

Pursuant to LR 26-3 and the scheduling order (**Doc. 15**) in this matter, Plaintiff RAUL HERRERA, by and through his attorneys of record, the law firm GREENMAN GOLDBERG RABY & MARTINEZ, and Defendant ARAMARK CORRECTIONAL SERVICES, LLC, incorrectly named in the complaint as ARAMARK SERVICES, INC., (collectively "the Parties") by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP (collectively "the Parties") hereby respectfully submit their Stipulation and Order to Extend Time for Discovery (Third Request) pursuant Rules 6(b) and 26(f) of the Federal Rules of Civil Procedure and LR IA 6-1 and LR 26-3.

This is the Parties' Third Request for an Extension of Time, and the same is not brought for purposes of delay, but rather for the purposes of allowing Plaintiff to evaluate the need for a

4819-3245-2298.1

potential surgery on an injured body part and for the parties to diligently and adequately prepare their respective cases during ongoing settlement discussions or trial. Plaintiff a has been experiencing increasing pain in his left shoulder, a body part he alleges was injured as a result of the subject incident. **He is currently obtaining an evaluation for continued treatment and possible surgery on said left shoulder . Thus, an extension of the current discovery deadlines is warranted.**

This stipulation is brought in compliance with LR 26-3 as it is filed 20 days before the expiration of Plaintiff's Initial Expert Disclosure deadline. Due to certain complexities in this case, and in particular, the ongoing COVID-19 pandemic and resulting governmental and Court precautionary restrictions, the parties jointly request a 120-day extension of the deadline for plaintiff's initial expert disclosure, defendant's initial expert disclosures, rebuttal expert disclosures, and deadline to file motion(s) to add parties or amend pleadings as detailed herein.

**REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER**

The extension is sought for the following reasons:

The parties acknowledge that they must be diligent in continuing discovery when they are better able to and have moved discovery forward, however, although certain restrictions have been lifted, the COVID-19 environment has slowed down the normal time it takes to conduct discovery as people are working from home and related issues that negatively impact the situation. Nevertheless, good cause exists to extend the discovery deadlines as the Parties would like to engage in meaningful and necessary discovery. Due to the ongoing COVID-19 pandemic, there are certain limitations regarding deponents and their availability for deposition. Also, certain discovery activities are impeded by the social distancing, travel restrictions and other requirements currently being implemented by federal, state and local governments. (*see* U.S. Dist. Ct. NV Temporary General Orders 2020-03, 2020-04 and 2020-05).

4819-3245-2298.1

2

Nevada Governor Sisolak declared a state of emergency due to COVID-19. The Nevada State Courts have subsequently issued numerous Administrative Orders indicating that the COVID-19 emergency "as constituting 'good cause' and 'excusable neglect' warranting the extension of time on non-essential civil case types." (*See* Eighth Judicial District Court Administrative Order 20-09, Administrative Order 20-13 and Administrative Order 20-17). The Nevada Supreme Court has also recommended suspending all jury trials and suggested that the current COVID-19 emergency constitutes both "good cause" and also "excusable neglect" warranting extensions in non-essential civil cases, such as the present case. (*See* Nev. Sup. Ct. AO-0013, at p.2 ¶2 and p.6 ¶8). Although Administrate Order 20-17 allows for in-person deposition, social distancing restrictions were also mandated for these depositions. Thus, moving the discovery deadlines back as requested herein is a reasonable request as COVID-19 is continuing to slow down and/or impact almost every aspect of life and it has delayed completion of discovery on the current schedule despite the recent relaxing of certain restrictions and practices by both the Courts and state government.

Furthermore, Plaintiff recently disclosed ongoing medical treatment, including, the likely need for possible surgery on his left shoulder which he alleges was injured as a result of the subject incident. Thus, Plaintiff is still treating and this means that taking both his deposition and an independent medical examination must be postponed. This disclosure has changed the requirements of the case as it now involves a more serious condition that will require not only evaluation but additional discovery by the parties and their respective experts. Substantial additional time is needed by both parties to further develop their cases as well as attempt to resolve the claims.

To date, the parties have exchanged documents disclosures and supplemented mandatory disclosures as needed. Defendant has also propounded discovery, and Plaintiff has responded to written discovery. Defendant granted Plaintiff multiple extensions to respond to written discovery. Plaintiff has also propounded written discovery to Defendant and Plaintiff granted multiple

extensions to Defendant to respond to written discovery. The aforementioned COVID-19 pandemic slowed down the entire process in responding to discovery. Defendant timely responded to Plaintiff's written discovery but the COVID-19 pandemic caused delays in responding to Plaintiff's written discovery. Currently, depositions of the FRCP 30(b)(6) witnesses of Defendant are being scheduled though COVID-19 precautions are hampering progress.

**IT IS HEREBY STIPULATED AND AGREED** to by the Parties that the discovery deadlines in this matter be continued for a period of 120 days to allow the parties additional time for discovery to be completed, to retain and disclose experts, for Plaintiff to have his left shoulder evaluated and allow the parties additional time to continue ongoing settlement discussions. This additional time will also account for the ongoing COVID-19 preventative restrictions and any potential future preventative actions taken by federal, state and local governments should they be implemented.

**STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The parties participated in the Fed.R.Civ.P 26(f) conference;
2. Parties have made their disclosures and supplements pursuant to Fed.R. Civ. P. 26.1(a)(1);
3. Defendant propounded written discovery to Plaintiff.
4. Plaintiff responded to Defendant's written discovery.
5. Plaintiff propounded written discovery to Defendant.
6. Defendant responded to Defendant's written discovery.
7. The surveillance video of the subject incident has been obtained and the parties are currently evaluating the impact of same on the claims and defenses in this case.

**SPECIFIC DESCRIPTON OF DISCOVERY THAT REMAINS TO BE DONE**

1. Discovery response and productions from entities that are not a party to this lawsuit;

2. Plaintiff's deposition is still pending;

3. Designation of expert witnesses;

4. Designation of rebuttal expert witnesses;

5. An Independent Medical Examination of Plaintiff;

6. Fact and witness depositions will be taken including the following:

   A. Plaintiff;

   B. Plaintiff's treating physicians;

   C. Defendant's FRCP 30(b)(6) witnesses;

   D. Fact witnesses; and

   E. Expert witnesses

7. Additional follow up written discovery.

The Parties are diligently moving forward with discovery. The recent disclosure by Plaintiff of further deterioration of his left shoulder has increased the necessity of additional discovery. The Parties hereby request an extension of discovery deadlines and now respectfully request this Honorable Court grant this joint request to move the deadline for discovery back. The Parties propose additional Interim Status Reports be set to keep the Court apprised of discovery progress as detailed herein.

The current deadline for Plaintiff's Initial Disclosure of Experts is Thursday, November 19, 2020. Accordingly, this request is being brought 72 days prior to that date. Here, good cause exists because the parties have been diligent in conducting discovery. However, additional time is needed for the parties to complete discovery and to account for the current COVID-19 environment and ongoing protective measures.

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines be continued 120 days from their present deadlines as follows along with the addition of multiple additional joint interim status reports to keep the Court apprised of discovery progress:

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

|  | **Current Date** | **Proposed Date** |
|---|---|---|
| ▪ 1st Joint Interim Status Reports | 03/20/2020 | Completed |

| | | |
|---|---|---|
| ▪ ~~2nd Joint Interim Status Report~~ | ~~12/15/2020~~ | ~~04/14/2021~~ |
| ▪ ~~3rd Joint Interim Status Report~~ | ~~02/01/2021~~ | ~~06/02/2021~~ |
| ▪ Amend Pleadings/Add Parties | 11/09/2020 | 03/09/2021 |
| ▪ Plaintiff's Initial Expert Disclosure | 11/09/2020 | 03/09/2021 |
| ▪ Defendant's Initial Expert Disclosure | 12/08/2020 | 04/07/2021 |
| ▪ Rebuttal Expert Disclosure | 01/11/2021 | 05/11/2021 |
| ▪ Discovery Cut-off | 03/08/2021 | 07/06/2021 |
| ▪ Dispositive Motions | 04/07/2021 | 08/06/2021 |
| ▪ Joint Pretrial Order | 07/07/2021 | 11/05/2021 |

**Extensions or Modifications of the Discovery Plan and Scheduling Order**:

Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

**CONCLUSION**

Based on the foregoing the Parties respectfully request that this Honorable Court approve this Second Stipulation to Extend the Time for Discovery.

RESPECTFULLY SUBMITTED

DATED this 8th day of September, 2020.                    DATED this 8th day of September, 2020.

**GREENMAN, GOLDBERG, RABY & MARTINEZ**                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ William T. Martin*                                    */s/ Steven Abbott*
_____                            _____
**GABRIEL A. MARTINEZ, ESQ.**                              **STEVEN ABBOTT, ESQ.**
Nevada Bar No. 326                                         Nevada Bar #10303
**DILLON G. COIL, ESQ.**                                   **STEVEN FOREMASTER, ESQ.**
Nevada Bar No. 11541                                       Nevada Bar #10350
**WILLIAM T. MARTIN, ESQ.**                                6385 S. Rainbow Blvd., Suite 600
Nevada Bar No. 2534                                        Las Vegas, NV 89118
2700 s. Maryland Pkwy, Ste. 100                            *Attorney for Defendant*
Las Vegas, NV 89109
*Attorneys for Plaintiff*

|   |   |
|---|---|
|   | Case No.: 2:19-cv-01594-GMN-DJA<br>Stipulation and Order to Extend<br>Discovery Deadlines (Third Request) |

### ORDER

Based upon the Stipulation of the Parties hereto, and with good cause appearing therefore, IT IS HEREBY ORDERED, that the Stipulation to Extend herein above is hereby Granted.

DATED: this __9th__ day of September, 2020

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully Submitted By:

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Steven Abbott*
_____
STEVEN B. ABBOTT, ESQ.
Nevada Bar No. 010303
STEVEN FOREMASTER, ESQ.
Nevada Bar No. 10350
6385 South Rainbow Boulevard, Suite 600
Las Vegas, Nevada  89118

*Attorneys for Defendant Aramark Correctional Services, LLC (incorrectly named in complaint as Aramark Services, Inc.)*

**\*\*NOTE - The Local Rules as amended on 4/17/2020 eliminated former Local Rule 26-3's requirement for Interim Status Reports. Therefore, the parties are no longer required to submit an Interim Status Report.  The parties are directed to review the revised local rules for further changes.\*\***