JAMES E. MURPHY, ESQ.
Nevada Bar No. 8586
STEVEN FOREMASTER, ESQ.
Nevada Bar No. 10350
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
James.Murphy@lewisbrisbois.com
Steven.Foremaster@lewisbrisbois.com
TEL: 702.893.3383
FAX: 702.893.3789

*Attorneys for Defendant Aramark Correctional Services, LLC (incorrectly named in complaint as Aramark Services, Inc.)*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAUL HERRERA,<br><br>   Plaintiff,<br><br>vs.<br><br>ARAMARK SERVICES, INC., a foreign corporation; DOES I through V; and ROE BUSINESS ENTITIES I through V; inclusive,<br><br>   Defendants. | CASE NO. 2:19-cv-01594-GMN-DJA<br><br>AMENDED<br><s>ERRATA TO</s> STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES<br>(FOURTH REQUEST) |

This Errata is being submitted to correct the originally requested time period from 60 to 120 days as counsel has agreed to. The prior submitted Fourth Request (Document 20) contained the then current and proposed dates in the Proposed Schedule section. However, the body of the Fourth Request inadvertently stated the request was for a 60 day extension instead of the 120 day extension counsel has agreed to. The Court amended the proposed dates in the Proposed Schedule section from 120 days to 60 days prior to entering Document 20. This Errata is intended to properly reflect the parties' agreement to extend the discovery deadlines in this matter 120 days.

Pursuant to LR 26-3 and the scheduling order (**Doc. 15**) in this matter, Plaintiff RAUL HERRERA, by and through his attorneys of record, the law firm GREENMAN GOLDBERG

4847-2185-1608.1

RABY & MARTINEZ, and Defendant ARAMARK CORRECTIONAL SERVICES, LLC, incorrectly named in the complaint as ARAMARK SERVICES, INC., (collectively "the Parties") by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP (collectively "the Parties") hereby respectfully submit this Errata to their Stipulation and Order to Extend Time for Discovery (Fourth Request) pursuant Rules 6(b) and 26(f) of the Federal Rules of Civil Procedure and LR IA 6-1 and LR 26-3.

This is the Parties' Errata to Fourth Request for an Extension of Time, and the same is not brought for purposes of delay, but rather for the purposes of allowing Plaintiff to receive surgery on an injured body part, receive post-surgery care for same and for the parties to diligently and adequately prepare their respective cases during ongoing settlement discussions or trial. Plaintiff had been experiencing increasing pain in his left shoulder, a body part he alleges was injured as a result of the subject incident. After receiving an evaluation by one of his treating physicians, surgery was recommended. As a result, Defendant scheduled and conducted an Independent Medical Examination of Plaintiff on January 12, 2021. Plaintiff then received the recommended surgery on January 13, 2021. Defendant conducted the deposition of Plaintiff on January 4, 2021. Defendant is also currently scheduling the deposition of at least one of Plaintiff's treating physicians. Defendant is also scheduling the deposition of another deputy who was present during the subject incident and anticipates conducting the depositions of multiple (then) Clark County Detention Center inmates who were present as well. Due to the current and ongoing COVID-19 pandemic, scheduling these depositions has been difficult, and in the case of the inmates these individuals have not been identified. However, the parties are working diligently to complete necessary discovery to assist settlement negotiations and prepare this case for trial. **Thus, an extension of the current discovery deadlines is warranted.**

This stipulation is brought in compliance with LR 26-3 as it is filed 20 days before the expiration of Plaintiff's Initial Expert Disclosure deadline. Due to certain complexities in this case, and in particular, the ongoing COVID-19 pandemic and resulting governmental and Court precautionary restrictions, the parties jointly request a 120-day extension of the deadline for

plaintiff's initial expert disclosure, defendant's initial expert disclosures, rebuttal expert disclosures, deadline to file motion(s) to add parties or amend pleadings, deadline to file dispositive motions and joint pre-trial order as detailed herein.

**REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER**

The extension is sought for the following reasons:

The parties acknowledge that they must be diligent in continuing discovery when they are better able to and have moved discovery forward, however, although certain restrictions have been lifted, the COVID-19 environment has slowed down the normal time it takes to conduct discovery as people are working from home and related issues that negatively impact the situation. In addition, Nevada Governor Sisolak recently extended the "pause" of businesses for an additional thirty (30) days to account for the recent upsurge in COVID-19 infections and related deaths. Nevertheless, good cause exists to extend the discovery deadlines as the Parties would like to engage in meaningful and necessary discovery. Due to the ongoing COVID-19 pandemic and resulting governmental restrictions, there are certain limitations regarding deponents and their availability for deposition. Also, certain discovery activities are impeded by the social distancing, travel restrictions and other requirements currently being implemented by federal, state and local governments. (*see* U.S. Dist. Ct. NV Temporary General (amended) Orders 2020-03, 2020-04 and 2020-05).

Nevada Governor Sisolak declared a state of emergency due to COVID-19. The Nevada State Courts have subsequently issued numerous Administrative Orders indicating that the COVID-19 emergency "as constituting 'good cause' and 'excusable neglect' warranting the extension of time on non-essential civil case types." (*See* Eighth Judicial District Court Administrative Order 20-09, Administrative Order 20-13 and Administrative Order 20-17). The Nevada Supreme Court has also recommended suspending all jury trials and suggested that the

current COVID-19 emergency constitutes both "good cause" and also "excusable neglect" warranting extensions in non-essential civil cases, such as the present case. (*See* Nev. Sup. Ct. AO-0013, at p.2 ¶2 and p.6 ¶8). Although Eighth Judicial District Court jury trials had recently been allowed to occur (AO 20-22), they were, again, suspended to January 11, 2021 to account for the recent upsurge in COVID-19 infections (AO 20-23 and AO 20-24). Administrate Order 20-24 does not allow for in-person depositions unless stipulated to by the parties or a showing of extraordinary circumstances, social distancing restrictions were also mandated for these depositions. Thus, moving the discovery deadlines back as requested herein is a reasonable request as COVID-19 is continuing to slow down and/or impact almost every aspect of life and it has delayed completion of discovery on the current schedule despite the recent relaxing of certain restrictions and practices by both the Courts and state government. On January 12, 2021, the Eighth Judicial District Court entered Administrative Order 21-01 which, *inter alia*, resumed jury trials beginning on February 1, 2021, but with strict observation of pandemic precautions to ensure the health and safety of all involved.

Furthermore, as previously discussed, Plaintiff disclosed ongoing medical treatment, including, the recommendation for surgery, which occurred on January 13, 2021, on his left shoulder which he alleges was injured as a result of the subject incident. Thus, Plaintiff is still treating, which will include post-surgical care and recovery. This surgery has changed the requirements of the case as it now involves a more serious condition that required not only evaluation (via Defendant's Independent Medical Examination) but will require additional discovery by the parties and their respective experts. Substantial additional time is needed by both parties to further develop their cases as well as attempt to resolve the claims.

To date, the parties have exchanged documents disclosures and supplemented mandatory disclosures as needed. Defendant has also propounded discovery, and Plaintiff has responded to written discovery. Defendant granted Plaintiff multiple extensions to respond to written discovery. Plaintiff has also propounded written discovery to Defendant and Plaintiff granted multiple

extensions to Defendant to respond to written discovery. Defendant propounded additional discovery which Plaintiff has responded to. In addition, Defendant has deposed Plaintiff. The aforementioned COVID-19 pandemic slowed down the entire process in responding to discovery. Defendant timely responded to Plaintiff's written discovery but the COVID-19 pandemic caused delays in responding to Plaintiff's written discovery. Currently, depositions of the FRCP 30(b)(6) witnesses of Defendant are scheduled for February 9, 2021 and February 19, 2021. Defendant is currently scheduling the depositions of Plaintiff's treating physicians and witnesses to the subject incident. However, COVID-19 precautions are hampering progress.

**IT IS HEREBY STIPULATED AND AGREED** to by the Parties that the discovery deadlines in this matter be continued for a period of 120 days to allow the parties additional time for discovery to be completed, to retain and disclose experts, for Defendant to conduct an Independent Medical Examination of Plaintiff and produce a report regarding same, for Plaintiff to have left shoulder surgery and receive post-surgical care, for Plaintiff to depose the FRCP 30(b)(6) witnesses for Defendant, for Defendant to depose Plaintiff's treating physicians and fact witnesses and allow the parties additional time to continue ongoing settlement discussions. This additional time will also account for the ongoing COVID-19 preventative restrictions and any potential future preventative actions taken by federal, state and local governments should they be implemented.

**STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The parties participated in the Fed.R.Civ.P 26(f) conference;

2. Parties have made their disclosures and supplements pursuant to Fed.R. Civ. P. 26.1(a)(1);

3. Defendant propounded written discovery to Plaintiff.

4. Plaintiff responded to Defendant's written discovery.



4847-2185-1608.1

5

5. Plaintiff propounded written discovery to Defendant.

6. Defendant responded to Defendant's written discovery.

7. Defendant deposed Plaintiff on January 4, 2021.

8. Defendant conducted an Independent Medical Examination of Plaintiff.

**SPECIFIC DESCRIPTON OF DISCOVERY THAT REMAINS TO BE DONE**

1. Discovery response and productions from entities that are not a party to this lawsuit;

2. Designation of expert witnesses;

3. Designation of rebuttal expert witnesses;

4. Defendant to produce a report pertaining to Defendant's Independent Medical Examination of Plaintiff;

5. Fact and witness depositions will be taken including the following:

   A. Plaintiff's treating physicians;

   B. Defendant's FRCP 30(b)(6) witnesses;

   C. Fact witnesses; and

   D. Expert witnesses

6. Additional follow up written discovery.

The Parties are diligently moving forward with discovery. The surgery on Plaintiff regarding the further deterioration of his left shoulder has increased the necessity of additional discovery. The Parties hereby request an extension of discovery deadlines and now respectfully request this Honorable Court grant this errata to joint request to move the deadlines for discovery back.

The current deadline for Plaintiff's Initial Disclosure of Experts is Tuesday, March 9, 2021. Accordingly, this request is being brought 44 days prior to that date. Here, good cause exists because the parties have been diligent in conducting discovery. However, additional time is needed for the parties to complete discovery and to account for the current COVID-19 environment and ongoing protective measures.

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines be continued 120 days



from their present deadlines as follows:

### ~~PROPOSED~~ SCHEDULE FOR COMPLETING REMAINING DISCOVERY

|  | Current Date | Proposed Date |
|---|---|---|
| Amend Pleadings/Add Parties | 03/09/2021 | 07/07/2021 |
| Plaintiff's Initial Expert Disclosure | 03/09/2021 | 07/07/2021 |
| Defendant's Initial Expert Disclosure | 04/07/2021 | 08/05/2021 |
| Rebuttal Expert Disclosure | 05/11/2021 | 09/08/2021 |
| Discovery Cut-off | 07/06/2021 | 11/04/2021 |
| Dispositive Motions | 08/06/2021 | 12/06/2021 |
| Joint Pretrial Order | 11/05/2021 | ~~03/07/2022~~ |

**Extensions or Modifications of the Discovery Plan and Scheduling Order**:

Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

### CONCLUSION

Based on the foregoing the Parties respectfully request that this Honorable Court approve this Errata to Fourth Stipulation to Extend the Time for Discovery.

RESPECTFULLY SUBMITTED

DATED this 26th day of January, 2021.                    DATED this 26th day of January, 2021.

**GREENMAN, GOLDBERG, RABY & MARTINEZ**                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ William T. Martin*                                    */s/ James E. Murphy*

**GABRIEL A. MARTINEZ, ESQ.**                              **JAMES E. MURPHY, ESQ.**
Nevada Bar No. 326                                         Nevada Bar No. 8586
**WILLIAM T. MARTIN, ESQ.**                                **STEVEN FOREMASTER, ESQ.**
Nevada Bar No. 2534                                        Nevada Bar No. 10350
2700 s. Maryland Pkwy, Ste. 100                            6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89109                                        Las Vegas, NV 89118
*Attorneys for Plaintiff*                                  *Attorney for Defendant*

CASE NO. 2:19-cv-01594-GMN-DJA
ERRATA TO STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (FOURTH REQUEST)

## ORDER

**IT IS SO ORDERED subject to the following modification.** The parties provide no reason to deviate from the default deadline to file the Joint Pretrial Order. Accordingly, the deadline to file the Joint Pretrial Order is **January 5, 2022**. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

DATED this 29th day of January, 2021.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

Respectfully Submitted By:

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ James E. Murphy*
_____
JAMES E. MURPHY, ESQ.
Nevada Bar No. 8586
STEVEN FOREMASTER, ESQ.
Nevada Bar No. 10350
6385 South Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

*Attorneys for Defendant Aramark Correctional Services, LLC (incorrectly named in complaint as Aramark Services, Inc.)*