**DILLON G. COIL, ESQ.**
Nevada Bar No. 11541
**WILLIAM T. MARTIN, ESQ.**
Nevada Bar No. 2534
**GGRM LAW FIRM**
2770 S. Maryland Parkway, Suite 100
Las Vegas, NV  89109
Phone:  702. 384.1616 ~ Fax:  702.384.2990
Email:   dcoil@ggrmlawfirm.com
             wmartin@ggrmlawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| RAUL HERRERA, individually;<br><br>Plaintiff,<br><br>vs.<br><br>ARAMARK SERVICES, INC., a foreign corporation; DOES I through V; and ROE BUSINESS ENTITIES I through V, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-01594-GMN-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (SIXTH REQUEST)** |

Pursuant to LR 26-3 and the scheduling order (**Doc. 15**) in this matter, Plaintiff, RAUL HERRERA, by and through his attorneys of record, GGRM Law Firm, and Defendant ARAMARK CORRECTIONAL SERVICES, LLC, incorrectly named in the complaint as ARAMARK SERVICES, INC., (collectively "the Parties") by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP (collectively "the Parties") hereby respectfully submit their Stipulation and Order to Extend Time for Discovery (Sixth Request) pursuant Rules 6(b) and 26(f) of the Federal Rules of Civil Procedure and LR IA 6-1 and LR 26-3.

This is the Parties' Sixth Request for an Extension of Time and the same is not brought

1

for purposes of delay, but rather for the purposes of allowing Plaintiff and Defendant to further pursue settlement negotiations and allow their experts more time to prepare their expert reports. Furthermore, Plaintiff had shoulder surgery on January 13, 2021 and is currently recuperating from that surgery.

This stipulation is brought in compliance with LR 26-3 as it is filed more than 20 days before the expiration of Plaintiff's Initial Expert Disclosure deadline. Due to certain complexities in this case, and in particular, the ongoing COVID-19 pandemic and resulting governmental and Court precautionary restrictions, the parties jointly request a 90-day extension of the deadline for plaintiff's initial expert disclosure, defendant's initial expert disclosures, rebuttal expert disclosures, and deadline to file motion(s) to add parties or amend pleadings as detailed herein.

## REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETE WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER

The extension is sought for the following reasons:

The parties have conducted discovery in a reasonable manner, however, although certain restrictions have been lifted, the COVID-19 environment has slowed down the normal time it takes to conduct discovery as people are working from home and related issues that negatively impact the situation. Furthermore, as previously discussed, Plaintiff had shoulder surgery on January 13, 2021 which he alleges was injured as a result of the subject incident and he is still recuperating. Additional time is needed by both parties to further develop their cases as well as attempt to resolve the case as they have recently had more substantive settlement negotiations.

**IT IS HEREBY STIPULATED AND AGREED** to by the Parties that the discovery deadlines in this matter be continued for a period of 90 days to allow the parties additional time to have settlement discussions, for discovery to be completed, to retain and disclose

2

experts. This additional time will also account for the ongoing COVID-19 preventative restrictions and any potential future preventative actions taken by federal, state and local governments should they be implemented.

**STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The parties participated in the Fed.R.Civ.P 26(f) conference; Parties have made their disclosures and supplements pursuant to Fed.R. Civ. P. 26.1(a)(1);
2. Defendant propounded written discovery to Plaintiff.
3. Plaintiff responded to Defendant's written discovery.
4. Plaintiff propounded written discovery to Defendant.
5. Defendant responded to Defendant's written discovery.
6. Defendant deposed Plaintiff on January 4, 2021.
7. Plaintiff deposed Bryan Inmon on January 22, 2021.
8. Plaintiff deposed Defendant's FRCP 30(b)(6) witness on February 9, 2021.
9. Defendant deposed a detention center deputy that witnessed the subject incident on February 11, 2021.
10. Defendant deposed Plaintiff's workers compensation treating physician on February 24, 2021.
11. Site inspections were completed on May 4, 2021.
12. Plaintiff deposed Jamie Perez Verdin on August 23, 2021.

**SPECIFIC DESCRIPTON OF DISCOVERY THAT REMAINS TO BE DONE**

1. Designation of expert witnesses;
2. Designation of rebuttal expert witnesses;
3. Fact and witness depositions;
4. Plaintiff's treating physicians' depositions;
5. Expert witnesses' depositions; and

3

6. Such other discovery as is permitted.

The Parties are diligently moving forward with discovery. The current deadline for Plaintiff's Initial Disclosure of Experts is October 5, 2021. Accordingly, this request is being brought more than 21 days prior to that date. Here, good cause exists because the parties have been diligent in conducting discovery. However, additional time is needed for the parties to engage in settlement discussions, to complete discovery, to account for the current COVID-19 environment and ongoing protective measures and for Plaintiff to further recuperate from his January 13, 2021 surgery.

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines be continued 90 days from their present deadlines as follows:

**~~PROPOSED~~ SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

- Amend Pleadings/Add Parties     10/05/2021     01/03/2022
- Plaintiff's Initial Expert     10/05/2021     01/03/2022
- Defendant's Initial Expert Disclosure     11/03/2021     02/01/2022
- Rebuttal Expert Disclosure     12/07/2021     03/07/2022
- Discovery Cut-off     11/04/2021     02/02/2022
- Dispositive Motions     12/06/2021     03/07/2022
- Joint Pretrial Order     03/07/2022     ~~06/06/2022~~

///

4

## CONCLUSION

Based on the foregoing the Parties respectfully request that this Honorable Court approve this Sixth Stipulation to Extend the Time for Discovery.

DATED this 2nd day of September, 2021.

**GGRM LAW FIRM**

*/s/ William T. Martin*

**DILLON G. COIL, ESQ.**
Nevada Bar No. 11541
**WILLIAM T. MARTIN, ESQ.**
Nevada Bar No. 1494
2700 S. Maryland Pkwy, Ste. 100
Las Vegas, NV 89109
*Attorneys for Plaintiff*

DATED this 2nd day of September, 2021.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Steven L. Foremaster*

**JAMES E. MURPHY, ESQ.**
Nevada Bar No. 8586
**STEVEN L. FOREMASTER, ESQ.**
Nevada Bar No. 10350
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118
*Attorneys for Defendant*



**ORDER**

**IT IS SO ORDERED subject to the following modification.** The Joint Pretrial Order deadline is **April 6, 2022**. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

DATED this 9th day of September, 2021.

_____
Daniel J. Albregts
United States Magistrate Judge

Respectfully submitted by

**GGRM LAW FIRM**

*/s/ William T. Martin*
_____
**DILLON G. COIL, ESQ.**
Nevada Bar No. 11541
**WILLIAM T. MARTIN, ESQ.**
Nevada Bar No. 1494
2700 S. Maryland Pkwy, Ste. 100
Las Vegas, NV  89109

*Attorneys for Plaintiff*

6

# Gianna Mosley

| | |
|---|---|
| **From:** | Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com> |
| **Sent:** | Tuesday, August 31, 2021 11:03 AM |
| **To:** | Gianna Mosley |
| **Cc:** | Rebeca Guardado; Will Martin; Murphy, James; Foremaster, Steven |
| **Subject:** | RE: Herrera vs. Aramark - SAO to Extend Deadlines |

Hi Gianna,

We are ok with the dates in the draft SAO. You can use either Mr. Murphy's or my e-signature to submit to the Court.

Foremaster



**Steven L. Foremaster**
Attorney
Steven.Foremaster@lewisbrisbois.com

**T: 702.693.4304   F: 702.893.3789**

6385 South Rainbow Blvd., Suite 600, Las Vegas, NV 89118  |  LewisBrisbois.com

Representing clients from coast to coast. View our locations nationwide.

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Gianna Mosley <gmosley@ggrmlawfirm.com>
**Sent:** Monday, August 30, 2021 10:03 AM
**To:** Foremaster, Steven <Steven.Foremaster@lewisbrisbois.com>
**Cc:** Rebeca Guardado <rguardado@ggrmlawfirm.com>; Will Martin <wmartin@ggrmlawfirm.com>
**Subject:** [EXT] RE: Herrera vs. Aramark - SAO to Extend Deadlines

**Caution:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning Counsel,

I am kindly following up regarding the SAO.

Kind regards,



**Gianna Mosley**
Litigation Assistant
O: 702.384.1616 | F: 702.384.2990 | www.ggrmlawfirm.com
2770 S. Maryland Pkwy., Ste. 100 Las Vegas, NV 89109

1

    

**From:** Gianna Mosley
**Sent:** Friday, August 27, 2021 11:46 AM
**To:** 'Steven.Foremaster@lewisbrisbois.com' <Steven.Foremaster@lewisbrisbois.com>
**Cc:** Rebeca Guardado <rguardado@ggrmlawfirm.com>; Will Martin <wmartin@ggrmlawfirm.com>
**Subject:** FW: Herrera vs. Aramark - SAO to Extend Deadlines

Good morning Counsel,

Please review the attached SAO to Extend Deadlines. Please let us know of any revisions and if we may affix your e-signature.

Kind regards,



**Gianna Mosley**
Litigation Assistant
O: 702.384.1616 | F: 702.384.2990 | www.ggrmlawfirm.com
2770 S. Maryland Pkwy., Ste. 100 Las Vegas, NV 89109

   

* * * This e-mail and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this e-mail and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.



2